TONY TOOTELL, CA Bar No. 235032
   ttootell@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE:  213.486.0065

Attorneys for Plaintiff
NBF Holdings Canada Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NBF Holdings Canada Inc., a Canadian corporation,<br><br>                      Plaintiff,<br><br>     vs.<br><br>MusclePharm Corporation, a Nevada corporation,<br><br>                      Defendant. | Case No. 2:20-cv-01946<br><br>**PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff NBF Holdings Canada Inc. ("Nutrablend" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against MusclePharm Corporation ("MusclePharm" or "Defendant") and respectfully alleges as follows:

## PARTIES

1. Plaintiff Nutrablend is and was at all times mentioned in this Complaint a corporation duly organized and existing under the laws of Ontario, Canada, with a principal place of business at 32 Cherry Blossom Road, Cambridge, ON, N3H 4R7.

2. Defendant MusclePharm is a corporation organized and existing under the laws of the State of Nevada, with a principal place of business at 4400 Vanowen St., Burbank, CA 91505 United States.

## JURISDICTION AND VENUE

3. The Court has diversity jurisdiction under 28 U.S.C. section 1332. In addition, the amount in controversy exceeds the jurisdictional requirements.

4. Venue in the Central District of California is proper pursuant to 28 U.S.C. sections 1391(a)(2) and (b)(3) because a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District.

## FACTUAL BACKGROUND

5. Nutrablend is a Canadian-based manufacturer of blended health nutrition products in the health nutrition industry. Nutrablend's corporate headquarters and sales team are located in Cambridge, Ontario. Nutrablend's manufacturing operation is located in Lancaster, New York.

6. Nutrablend's manufacture of blended health nutrition products commences with the purchase of various ingredients—i.e., protein whey, maltose, various flavouring ingredients, and amino acids—which Nutrablend then blends and packages for sale to other manufacturers of health nutrition products, who then market the products at the retail level.

7. After Nutrablend completes an order, some of Nutrablend's customers, including MusclePharm, pick up Nutrablend's blended and packaged health nutrition products at Nutrablend's warehouse in Lancaster, New York. These customers then either

deliver the product directly to their own customer store or to their warehouse.

8. MusclePharm is a publicly traded sports nutrition company that develops, manufactures, and markets sports nutrition products.

9. Prior to July 29, 2019, Nutrablend and MusclePharm entered into negotiations regarding the sale and delivery of vitamin supplements manufactured by Nutrablend and an oral agreement ("Agreement") was made between the parties whereby MusclePharm would place purchase orders with Nutrablend for blended health nutrition products, and Nutrablend would manufacture and supply blended health nutrition products for MusclePharm to pick up at Nutrablend's warehouse.

10. During the course of business, Nutrablend established a $4 million USD credit limit for MusclePharm, with payment due no later 45 days after a purchase order's posting date.

11. On several occasions, however, due to MusclePharm's financial difficulties it communicated to Nutrablend, Nutrablend agreed to receive delayed payments past the 45-day payment deadline.

12. However, in or around August 2019, after MusclePharm consecutively failed to make past due weekly payments on prior purchase orders Nutrablend rescinded its agreement to receive further delayed payments.

13. Accordingly, Nutrablend has since placed MusclePharm's account on a shipping and production hold.

14. On or about September 10, 2019, MusclePharm's CEO telephoned Nutrablend's CEO in an attempt to work out a payment plan for MusclePharm's past due balances going forward.

15. However, between November 28, 2019 and the date of filing of this Complaint, MusclePharm has only remitted $100,418.75 to Nutrablend for past due balances—with 54 balances outstanding for more than 120 days past the 45-day due date.

16. As of the date of filing of this Complaint, MusclePharm has an outstanding balance of $3,085,641.52 USD in past due payments for delivered orders.

17. The $3,085,641.52 USD balance has been accrued from July 29, 2019 through December 31, 2019 via eighty (80) separate invoices and charges ranging in amounts from $22.60 to $459,625.08 USD.

18. The first payment of MusclePharm's past due balances was due on September 12, 2019, and the most recent on January 12, 2020. A true and correct copy of MusclePharm's statement account with Nutrablend dated January 7, 2020 is attached hereto as **Exhibit A**.

19. MusclePharm has not timely paid the invoices and charges owed to Nutrablend, despite Nutrablend's good faith efforts to work with MusclePharm to collect this payment, including conversations involving the parties' counsel.

20. On February 6, 2020, Nutrablend's counsel sent MusclePharm's counsel a demand letter seeking payment of the outstanding amount due of $3,085,641.52 by close of business on Wednesday, February 12, 2020.

21. Nutrablend recently learned through a publicly available order released by the Securities and Exchange Commission ("Commission") on September 8, 2015 that when MusclePharm became a public company in 2010, it was unprepared for the Commission's reporting requirements and lacked sufficient infrastructure to support its rapid growth.

22. Nutrablend further learned through the Commission's order that MusclePharm's revenues greatly increased each year (i.e., MusclePharm's reported revenue was $3M in 2010, $17M in 2011, $67M in 2012 and $111M in 2013). MusclePharm's senior management lacked public company or accounting experience. While the company focused on revenue growth, it failed to establish sufficient internal controls and keep proper books and records.

23. As a result, between 2010 and 2013, MusclePharm engaged in a series of accounting and disclosure failures that resulted in the company filing materially false and misleading filings with the Commission from 2010 through July 2014. Specifically, MusclePharm failed to disclose perquisite compensation to its executive officers, failed to disclose related party transactions, failed to disclose bankruptcies of its executive officers,

and committed other financial statement, accounting, and disclosure failures. Additionally, MusclePharm engaged in the unregistered offer and sale of its securities.

## COUNT I

## BREACH OF CONTRACT

24. Nutrablend hereby realleges and incorporates by reference each and every foregoing paragraph of this Complaint as if fully set forth herein.

25. Since the respective parties are from Canada and the United States—both of which have signed and ratified the United Nations Convention on Contracts for the International Sale of Goods ("CISG")—and since this dispute involves "contracts of sale of goods between parties whose places of business are in different States . . . when the States are Contracting States," the CISG applies to this case. *See* 15 U.S.C. App. Art. 1(1)(a); *see also Asante Technologies, Inc. v. PMC-Sierra, Inc.*, 164 F. Supp. 2d 1142 (N.D. Cal. 2001).

26. The Agreement constitutes a valid and enforceable contract existing between Nutrablend and MusclePharm.

27. Nutrablend currently has eighty (80) separate invoices and charges related to the manufacture and supply of health nutrition products to MusclePharm pursuant to the terms of the Agreement.

28. MusclePharm breached, and continues to breach, the terms of the Agreement by failing to remit payment for the outstanding invoices totaling $3,085,641.52 USD, which accrued from July 29, 2019 through December 31, 2019.

29. As a legal and proximate result of MusclePharm's breach of the Agreement, Nutrablend has incurred and continues to incur damages.

30. By virtue of the foregoing, Nutrablend is entitled to an award of damages in an amount to be determined at trial, but not less than $3,085,641.52 USD.

## COUNT II

## DECLARATORY RELIEF

31. Nutrablend hereby realleges and incorporates by reference each and every

foregoing paragraph of this Complaint as if fully set forth herein.

32. An actual controversy has arisen and now exists between Nutrablend and MusclePharm regarding the past due payment for Nutrablend's manufacture and supply of blended health nutrition products to MusclePharm pursuant to various purchase orders.

33. Nutrablend contends that MusclePharm was obligated to remit payment on its purchase orders for blended health nutrition products no later than the 45-day deadline accompanying MusclePharm's $4 million USD credit line with Nutrablend.

34. MusclePharm refuses to remit payment on its past due balances for the eighty (80) outstanding invoices related to Nutrablend's manufacture and supply of blended health nutrition products pursuant to the parties' Agreement.

35. As such, a determination and declaration of the parties' rights are necessary and appropriate at this time in order to avoid the potential for future additional lawsuits, and in order to determine whether MusclePharm must remit the outstanding balances for the blended health nutrition products it ordered and accepted from Nutrablend.

## JURY DEMAND

36. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Nutrablend demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Nutrablend respectfully requests that the Court enter judgment against MusclePharm as follows:

A. A judgment that MusclePharm has breached the contract between Nutrablend and MusclePharm for the sale of blended health nutrition products;

B. Damages in the amount of at least $3,085,641.52;

C. Declaratory relief;

D. Pre-judgment interest to the extent permitted by law;

E. The costs of this action;

F. Attorneys' fees; and

G. Such other relief as the Court may deem just and proper under the

circumstances.

DATED:  February 27, 2020		**FOLEY & LARDNER LLP**
					Tony Tootell


					/s/ Tony Tootell
					Tony Tootell
					Attorneys for Plaintiff
					NBF Holdings Canada Inc.